# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOULU THAO,** | **1:11-cv-O799  AWI SKO** |
| **Plaintiff,** | |
| vs. | **ORDER ON PLAINTIFF'S MOTION TO UNSEAL GRAND JURY TRANSCRIPTS** |
| **SHAUN DONOVAN, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; et al.,** | **Doc. # 47** |
| **Defendants.** | |

This is an action for damages arising from the investigation and indictment of plaintiff Toulu Tao ("Plaintiff"), an employee of the Department of Housing and Urban Development ("HUD"), for failure to disclose alleged contributions by HUD to an organization, Hmong American Community ("HAC"), that Plaintiff had formed and was active in.  The suit names as defendants various officials and employees of HUD and the HUD Office of the Inspector General (collectively, "Defendants") for their participation in what Plaintiff contends in the alternative were acts in violation of Title VII of the Civil Rights Act, Plaintiff's rights under the Fourth Amendment and were acts constitution the tort of malicious prosecution under the Federal Tort Claims Act.  Specifically, Plaintiff alleges Defendants acted to present evidence to the grand jury that they knew to be false at the time of presentation and failed to correct the false

information thereby instituting and proceeding with a criminal proceeding that Defendants knew to be without merit.

Currently before the court is a motion by Plaintiff to unseal grand jury transcripts. Specifically, Plaintiff requests that the court order unsealed the testimony of Defendant Teresa Carson[1] who allegedly "was the chief criminal investigator for the Inspector General of the U.S. Department of Housing and Urban Development in the underlying criminal case. She was the sole witness before the grand jury that brought charges against Plaintiff." Doc. # 54 at 2:14-16.

The historic tradition of maintaining the secrecy of grand jury proceedings is codified at Rule 6(e) of the Federal Rule of Civil Procedure. Exceptions to the general rule of secrecy of grand jury proceedings "have developed historically alongside the secrecy tradition" and are codified under Rule 6(e)(3). In re Petition of Craig, 131 F.3d 99, 102 (2nd Cir. 1997). To move successfully for disclosure, a party "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979). The interests of continued non-disclosure of grand jury proceedings is reduced, but no eliminated by the completion of those proceedings. Id. "The importance of secrecy in grand jury proceedings extends to the effect on future grand juries, not just the particular grand jury involved, which may have completed its proceedings before a defendant's request for transcripts." United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991). Disclosure of grand jury discretion is in the sound discretion of the district court. Id.

As an initial matter, the court notes that there appears to be some difference of opinion as to the scope of disclosure Plaintiff is requesting. Defendants contend Plaintiff's request should be denied because it calls for wholesale disclosure of all the grand jury transcripts pertaining to

---

[1] During the pendency of this action, Defendant Teresa Carson became Teresa Hills. The parties acknowledge the name change but continue to refer to this individual by the name originally set forth in the complaint for the sake of continuity. The court will do likewise.

Plaintiff's criminal case. Although there is arguably some ambiguity in the scope of Plaintiff's request, the court reads Plaintiff's motion for disclosure to request only the transcript of the testimony of Carson, who testified "on or about February 9, 2006." Doc. # 47-1 at 5:17. The court is unable to make an inference from Plaintiff's motion that he seeks any broader disclosure than the testimony of Carson on or about the date noted. The court finds that Plaintiff's request is suitably specific with regard to the information requested for purposes of Rule 6(e)(3).

Plaintiff's motion to unseal is based primarily on the fact that, when Plaintiff conducted a deposition of Carson, the latter stated on several occasions that she had no current recollection of the facts and could not give an answer without referring to the transcripts of her testimony before the grand jury. See Doc. # 47-1 at p.p. 7-8 (excerpt of Carson's deposition wherein she states that she had determined that HAC had not received HUD funds but that she could not recall having so testified to the grand jury or whether she had been asked that question). For purposes of this motion, it is not disputed that Plaintiff has cited evidence to show that Sudduth reported to Carson sometime in 2004 that the HUD funds in question had been given to Housing Assistance Corporation, an organization not connected to Hmong American Community, but that had the same initials and was widely known by the same acronym. Since the crime for which Plaintiff was indicted was falsely reporting under penalty of perjury that Hmong American Community had received no funds from HUD, the fact that Hmong American Community truly had not received any HUD funds would have been completely exculpatory and would have prevented issuance of an indictment and the criminal proceedings that followed.

As noted above, the party moving to unseal grand jury record must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co., 441 U.S. at 222. Plaintiff explains the need for disclosure of the requested transcript as follows:

> [Carson] testified at her deposition that she told Deputy U.S. Attorney she was unable to testify whether or not she testified to that fact before the grand jury. Obviously Mr. Gappa would also need access to the grand jury transcripts to determine what questions he asked the grand jury and to

> determine whether it is in fact true that [Carson] told him about this fact prior to her testimony before the grand jury. [¶ . . . ¶] The key witness for both sides, [Carson], is unable to testify meaningfully without access to the grand jury testimony. In this case [P]laintiff would be hindered in his ability to prove what occurred in this case and the [D]efense, paradoxically, would also be hindered in their ability what indeed [Carson] said to the grand jury.

Doc. # 47-1 at 9:11-27.[2]

Defendants oppose Plaintiff's motion to unseal transcripts on two grounds. The first, that Plaintiff motion fails to adequately specify the material sought, has been discussed previously. The second ground for Defendants' opposition is that a person testifying before a grand jury is absolutely immune from any claim pursuant to Bivins v. Six Unknown Named Agents of the Fed. Narcotics Bureau, 403 U.S. 388 (1971). Defendants cite Rehberg v. Paulk, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012) for this proposition. There are two problems with Defendants' immunity argument. First, whether or not Carson is immune from suit under Bevins for her testimony before the grand jury has relatively little to do with the court's decision to unseal transcripts of her grand jury testimony. Plaintiff has alleged, and Defendants have not disputed that other witnesses, such as Gappa, would likely benefit from a record of her testimony before the grand jury. Further, the issue of Carson's immunity to any particular charge has not been placed before the court and there is no reason the status of her immunity could not be assessed following the unsealing of the transcripts of her testimony. Second, as plaintiff points out, there are three claims alleged against the Defendants and only one of these claims is pursuant to Bivins. Defendants do not present any argument why immunity to one of three claims should prevent access to grand jury transcripts that would otherwise be subject to disclosure under Douglas Oil.

//

//

---

[2] The paragraph prior to the section quoted states: "Plaintiff seeks to unseal the grand jury transcripts so that [Carson] and other witnesses will have access to the transcript of their testimony before the grand jury . . . ." To the extent this indicates that Plaintiff is seeking release of all testimony of all witnesses to their testimony before the grand jury, the court rejects Plaintiff's request because it lacks the specificity required by Douglas Oil.

**CONCLUSION AND ORDER**

The court concludes that Plaintiff has made an adequate showing to support the court's exercise of its discretion to unseal the grand jury transcript of Carson's testimony. The court notes that both parties have mentioned that the court may conduct *in camera* review of the transcript of Carson's grand jury testimony. The court also notes that the parties may have differences of opinion as to the distribution of the grand jury transcript or transcripts when they are produced. The court will therefore order that the parties appear to discuss and resolve any issues with regard to *in camera* review and distribution of transcripts and to raise any issues with regard to the production of the requested transcript or transcripts that the court may have overlooked.

THEREFORE, it is hereby ORDERED that the parties APPEAR for a hearing on issues pertaining to the production and release of the requested transcript or transcripts of Carson's testimony before the grand jury on Monday, August 18, 2014, at 1:30 p.m. in Courtroom. Alternatively, the parties may meet and confer prior to that date and stipulate to a proposed order that, in their opinion, addresses all issues consistent with this order. Any such stipulated proposed order shall be filed and served no later than 4:00 p.m. Thursday, August 14, 2014.

IT IS SO ORDERED.

Dated:   July 24, 2014                              _____
                                                    SENIOR DISTRICT JUDGE