Jacob M. Weisberg, SBN 049065
THE LAW OFFICE OF JACOB M. WEISBERG
844 N. Van Ness Avenue
Fresno, CA  93728
Telephone: (559) 441-0201
Facsimile: (559) 442-3164

Attorney for Plaintiff: TOULU THAO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOULU THAO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SHAUN DONOVAN, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; FORMER REGIONAL COUNSEL OF HUD REGION IX FAYE AUSTIN; FORMER FIELD DIRECTOR OF THE FRESNO HUD OFFICE MARIE SUDDUTH; TERESA CARSON, FORMER AGENT OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, HUD OFFICE OF INSPECTOR GENERAL; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AND DOES 1-75, INCLUSIVE,<br><br>　　　　　　　Defendants. | CASE NO.:  1:11-CV-00799-AWI-SKO<br><br>STIPULATION FOR PROTECTIVE ORDER REGARDING UNSEALED GRAND JURY TRANSCRIPTS<br><br><br><br>Trial Judge:  Hon. Anthony W. Ishii |

-1-

Stipulation to Unseal Grand Jury Transcripts – 8-1-2014

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that the grand jury transcripts, hereafter "transcripts" produced pursuant to the Court's Order to Unseal the Grand Jury Transcripts of February 9, 2006 in the case of USA v. Toulu Thao case number 1:06-CR-00046 are subject to the following Protective Order:

1.    The unsealed transcripts shall be used solely in connection with the civil case of Toulu Thao v. Shaun Donovan, Secretary of the Department of Housing and Urban Development, et al., USDC Case No. CIV-F-1:11-CV-00799-AWI-BAM (E.D. Cal.) and in the preparation and trial of this action, and any related proceeding. The parties are not waiving any objections to the admissibility of the transcripts or portions of the transcripts in future proceedings, including the trial of the matters.

2.    Transcripts produced under this Protective Order may only be disclosed to the following persons:

   a)    Jacob M. Weisberg, counsel for Plaintiff and Benjamin Hall, counsel for Defendants and Paralegal, clerical, and secretarial personnel regularly employed by either counsel;

   b)    Stenographic deposition reporters or videographers retained in connection with this action;

   c)    Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

   d)    Any expert, consultant or investigator retained in connection with this action;

   e)    The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

      f)      Counsel may discuss the documents with their respective clients;

      g)      Any party to the action or witness whose deposition testimony is being taken in connection to this lawsuit and who requires the use of the grand jury transcripts in order to provide a complete testimony at his or her deposition.

3. Each recipient of transcripts as described above shall be provided with a copy of this Stipulated Protective Order, which he or she shall read prior to the disclosure of transcripts. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms.

4. All documents, papers or materials utilizing information from the transcripts produced pursuant to this Stipulated Protective Order, that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

5. Copies of Grand Jury Transcripts

The following procedures shall be utilized by the parties in the use of the transcripts.

      a)      Plaintiff's and Defendant's counsel shall receive one copy of the Grand Jury Transcripts within 10 days of the Courts approval of this stipulation.

      b)      If any document or information from the grand jury transcripts pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation

and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 4 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

6. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, containing information from the transcripts will remain confidential, and if filed with the Court, shall remain under seal. All documents and materials produced to Plaintiff or Defendants pursuant to this stipulated protective order shall be returned to the custodian of the grand jury transcripts in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties also ensure that all persons to whom transcripts were disclosed shall be returned to custodian of the grand jury transcripts. The conclusion of this litigation means a termination of the case following trial, settlement or the exhaustion of all appeals.

7. No later than 30 days of settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, or the exhaustion of all appeals, all persons having received the confidential documents shall return said documents to custodian of the grand jury transcripts.

8. If any party appeals a jury verdict or order terminating the case, counsel shall retain possession of all confidential documents pending final outcome of the appeal after which they shall be returned to custodian of the grand jury transcripts.

9. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

10. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

Respectfully submitted,

Dated:  August 1, 2014     /S/ JACOB M. WEISBERG
                            Jacob M. Weisberg, Attorney for Plaintiff,
                            TOULU THAO

Dated:  August 1, 2014     BENJAMIN B. WAGNER
                            United States Attorney


                            By  /S/ BENJAMIN E. HALL
                            BENJAMIN E. HALL
                            Assistant U.S. Attorney
                            Attorneys for Defendants

**ORDER**

IT IS SO ORDERED.

Dated:   August 4, 2014                     _____
                                            SENIOR  DISTRICT  JUDGE